UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HURDLE HELTON, Administrator of the Estate of Elizabeth Helton, ) ) ) Plaintiff, ) ) v. ) ) SUNTRUST BANK, et al., ) ) Defendants. ) | No. 3:07-CV-188 (Phillips) |

## MEMORANDUM OPINION

Plaintiff Hurdle Helton, Administrator of the Estate of Elizabeth Helton, originally filed this action in the Circuit Court for Knox County, Tennessee against SunTrust Bank, Inc.; WalMart Stores East, LP; and WalMart Real Estate Business Trust alleging acts of negligence that were the proximate cause of injuries to Elizabeth Helton. Before the court is defendant Wood Brothers Construction Company's motion to remand this case to state court.[1] For the reasons which follow, defendant's motion to remand will be granted.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff Hurdle Helton originally filed his complaint in state court on April 24, 2007, naming the following defendants: SunTrust Bank, Inc.; WalMart Stores East LP; and Walmart Real Estate Business Trust. On May 15, 2007, the action was removed to this

---

[1] Plaintiff joins in defendant's motion to remand, stating that he believes that remand is proper in this case [See Doc. 14].

court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. On August 20, 2007, plaintiff was granted permission to amend his complaint to add Wood Brothers Construction Company as a defendant.

Wood Brothers argues that this court's diversity jurisdiction was destroyed by its joinder because Wood Brothers is a corporate entity licensed and transacting business within the State of Tennessee. Plaintiff Hurdle Helton is a citizen and resident of Knox County, Tennessee, and Elizabeth Helton, at the time of her death, was also a citizen and resident of Knox County, Tennessee. Plaintiff has filed a motion to adopt the motion to remand. No defendant has responded to the motion to remand.

## II. DISCUSSION

In a case premised upon this court's diversity jurisdiction, the parties must be citizens of different states. 28 U.S.C. § 1332(a)(1). Defendants may remove an action originally filed in state court to federal court on the basis of diversity jurisdiction "if there is complete diversity between all named plaintiffs and all named defendants. . . ." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). In this case, at the time of removal, complete diversity existed between the named plaintiffs and all named defendants, and removal was proper.

Even if removal was proper, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28

U.S.C. § 1447(c). Further, "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e). In this case, joinder of defendant Wood Brothers was permitted. Wood Brothers argue that such joinder destroyed diversity jurisdiction requiring remand of the case to state court. Section 1447(e) provides specific rules relative to the court's removal jurisdiction, and it directs the court to remand a case to state court when the post-removal joinder of a defendant destroys diversity jurisdiction. *See, e.g., Shephard v. Allstate Ins. Co.,* 2006 WL 745588 (S.D.Ohio Mar. 17, 2006); *New Cannon Clocks v. U.S. Fid. & Guar.,* 904 F.Supp. 621, 622 (E.D.Mich. 1995). Accordingly, because the post-removal joinder of Wood Brothers destroyed diversity jurisdiction in this matter, this case must be remanded to state court.

### III. CONCLUSION

Defendant Wood Brothers motion for remand [Doc. 13] will be granted and this case will be remanded to the Circuit Court for Knox County, Tennessee.

Order to follow.

**ENTER:**

        s/ Thomas W. Phillips
United States District Judge